Citation Nr: 1513792 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 09-04 223 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUES

1. Entitlement to an initial disability rating in excess of 10 percent for service-connected degenerative disc disease of the lumbar spine status post L5-S1 discectomy with failed back syndrome for the period prior to January 20, 2012. 

2. Entitlement to an initial disability rating in excess of 60 percent for service-connected degenerative disc disease of the lumbar spine status post L5-S1 discectomy with failed back syndrome for the period since January 20, 2012.

3. Entitlement to an initial disability rating in excess of 10 percent for service-connected radiculopathy of the right lower extremity for the period prior to February 14, 2011. 

4. Entitlement to an initial disability rating in excess of 10 percent for service-connected radiculopathy of the left lower extremity for the period prior to February 14, 2011.

5. Entitlement to an initial disability rating in excess of 20 percent for service-connected radiculopathy of the right lower extremity for the period since February 14, 2011.

6. Entitlement to an initial disability rating in excess of 20 percent for service-connected radiculopathy of the left lower extremity for the period since February 14, 2011.

7. Entitlement to an initial compensable disability rating for service-connected surgical scars status post L5-S1 discectomy.


REPRESENTATION

Appellant represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

Veteran, Veteran's wife


ATTORNEY FOR THE BOARD

James A. DeFrank, Counsel


INTRODUCTION

The Veteran had active service from January 1986 to November 2006. 

This case comes before the Board of Veterans' Appeals (the Board) on appeal from January 2008 and June 2008 rating decisions of the St. Petersburg, Florida, Department of Veterans Affairs (VA) Regional Office (RO). Jurisdiction of these matters has been transferred to the RO in Nashville, Tennessee.

In October 2010, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge. A transcript of that hearing has been associated with the claims folder. Additionally, evidence has been associated with the Veteran's claims folder included with a waiver of RO consideration.

In April 2011, the Board remanded these issues for additional development.

In a November 2011 rating decision, the Nashville RO assigned a temporary total disability rating for the Veteran's degenerative disc disease of the lumbar spine status post L5-S1 discectomy with failed back syndrome due to convalescence from surgery for the period from January 5, 2010 to February 28, 2010 and assigned a 10 percent rating effective March 1, 2010.

Because the 100 percent rating assigned to the Veteran's service-connected degenerative disc disease of the lumbar spine status post L5-S1 discectomy with failed back syndrome due to convalescence from surgery is the maximum rating available for this disability, a higher rating claim for degenerative disc disease of the lumbar spine status post L5-S1 discectomy with failed back syndrome due to convalescence from surgery for the time period between January 5, 2010 to February 28, 2010 is no longer on appeal.

In a February 2012 rating decision, the Nashville RO increased the Veteran's evaluation for degenerative disc disease of the lumbar spine status post L5-S1 discectomy with failed back syndrome to a 60 percent disability rating, effective January 20, 2012, the date of the most recent VA medical examination. The RO also increased the Veteran's evaluations for radiculopathy of the right and left lower extremities to 20 percent disability ratings, effective February 14, 2011, the date of a private treatment report which demonstrated worsening.

The Board notes that since the increases to 60 percent for his back and 20 percent for his lower extremities did not constitute a full grant of the benefits sought, the issues of entitlement to an initial rating in excess of 60 percent for the period since January 20, 2012 for degenerative disc disease of the lumbar spine status post L5-S1 discectomy with failed back syndrome and entitlement to an initial rating in excess of 20 percent for radiculopathy of the right and left lower extremities remain in appellate status. AB v. Brown, 6 Vet. App. 35, 39 (1993).

Notably, in March 2011, the Board remanded the issue of entitlement to restoration of an initial disability rating of 20 percent for service-connected degenerative disc disease of the lumbar spine status post L5-S1 discectomy with failed back syndrome in order for the originating agency to issue a Statement of the Case (SOC). Accordingly, in February 2012, the RO issued an SOC regarding this issue. However, the Veteran failed to perfect an appeal to this issue.

Finally, in March 2011, the Board also remanded the issue of entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) in order for the RO to adjudicate the claim. However, in an April 2012 correspondence, the RO indicated that the Veteran wished to withdraw this issue. As a result, the RO informed the Veteran in an April 2012 written correspondence that it was acknowledging the Veteran's request to withdraw his claim for entitlement to a TDIU. Neither the Veteran nor his representative replied to this correspondence or later contested the issue of entitlement to a TDIU was still being pursued. Accordingly, the Board finds that this issue is withdrawn and no longer before the Board.

The Board notes that, in addition to the paper claims file, there is a Virtual VA electronic claims file associated with the Veteran's claim. A review of the documents in the electronic file reveals additional evidence that will be considered by the Board in this appeal.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



REMAND

Following a review of the Veteran's claims file, the Board finds that further development is required prior to the adjudication of the claims.

The Veteran's last VA examination for his low back, radiculopathy and surgical scar disabilities took place in September 2012. 

Subsequent July 2013 and August 2013 VA treatment records noted that the Veteran had underwent back surgery in March 2013. Additionally, records from the Comprehensive Pain Specialists show that the Veteran underwent surgery in December 2012 to have a pain pump installed. However, the claims file does not currently contain any records regarding the December 2012 pain pump installation or the March 2013 back surgery.

Accordingly, as the Veteran was scheduled for surgery in March 2013, there is evidence of a possible worsening of this disability since the last VA examination in September 2012. 

VA is obliged to afford a Veteran a contemporaneous examination where there is evidence of an increase in the severity of a disability. See VAOPGCPREC 11-95 (April 7, 1995) (while the Board is not required to direct a new examination simply because of the passage of time, VA's General Counsel has indicated that a new examination is appropriate when the claimant asserts that the disability in question has undergone an increase in severity since the time of the last examination).

Therefore, to ensure that the record reflects the current severity of the Veteran's service-connected degenerative disc disease of the lumbar spine status post L5-S1 discectomy with failed back syndrome; radiculopathy of the right and left lower extremities; and surgical scars, a contemporaneous examination is warranted, with findings responsive to the applicable rating criteria. See Green v. Derwinski, 1 Vet. App. 121, 124 (1991) (VA has a duty to provide the Veteran with a thorough and contemporaneous medical examination, one which takes into account the records of prior medical treatment, so that the evaluation of the claimed disability will be a fully informed one) and Caffrey v. Brown, 6 Vet. App. 377, 381 (1994) (an examination too remote for rating purposes cannot be considered contemporaneous").

Additionally, as noted above the record does not contain the records from the Veteran's March 2013 back surgery or his December 2012 pain pump installation. Therefore, it appears that additional records pertaining to the Veteran's diagnosis and treatment for his service-connected degenerative disc disease of the lumbar spine status post L5-S1 discectomy with failed back syndrome; radiculopathy of the right and left lower extremities; and surgical scars disabilities may exist. See Dunn v. West, 11 Vet. App. 462 (1998); Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA treatment records are in constructive possession of the Secretary, and must be considered if the material could be determinative of the claim).

Under these circumstances, the Board also finds that VA has a duty to make a further attempt to obtain the Veteran's private treatment records. Massey v. Brown, 7 Vet. App. 204 (1994).

Accordingly, the case is REMANDED for the following action:

1. The Veteran should be requested to provide the names, addresses and approximate dates of treatment of all medical care providers, VA and non-VA, who have treated him for the disabilities on appeal. After the Veteran has signed the appropriate releases, those records should be obtained and associated with the claims folder. 

Appropriate efforts must be made to obtain all available VA treatment records. All attempts to procure records should be documented in the file. If the AMC/RO cannot obtain records identified by the Veteran, a notation to that effect should be inserted in the file. The Veteran is to be notified of unsuccessful efforts in this regard, in order to allow him the opportunity to obtain and submit those records for VA review.

2. Obtain from the Nashville VA Medical Center (VAMC) all outstanding medical records all outstanding medical records from September 2012 to the present, to include the reports of any March 2013 back surgery. Follow the procedures set forth in 38 C.F.R. § 3.159(c) as regards requesting records from Federal facilities. All records and/or responses received should be associated with the claims file.

3. All necessary steps to obtain any records of treatment pertinent to the claims on appeal from Comprehensive Pain Specialists should be taken to include a December 2012 pain pump installation. Records of any other pertinent treatment should be obtained. The Veteran's assistance in identifying and obtaining the records should be solicited as needed. The attempts to procure records should be documented in the file. If records cannot be obtained, a notation to that effect should be inserted in the file. The Veteran is to be notified of unsuccessful efforts in this regard, in order to allow the Veteran the opportunity to obtain and submit those records for VA review.

4. After the development requested above has been completed to the extent possible, the Veteran should also be scheduled for a VA examination before an appropriate physician to determine the current level of severity of her service-connected lumbar spine disability and radiculopathy disabilities. The Veteran's claims file and a copy of this remand must be provided to the examiner for review in conjunction with this examination, and the examination report should reflect review of these items. All necessary tests and studies should be performed, and the examiner should describe in detail all symptomatology associated with the Veteran's lumbar spine disability. 

The examiner should also render specific findings as to whether, during the examination, there is objective evidence of pain on motion, weakness, excess fatigability, and/or incoordination associated with the lumbar spine. If pain on motion is observed, the examiner should indicate the point at which pain begins. In addition, the examiner should indicate whether, and to what extent, the Veteran likely experiences functional loss due to pain or any of the other symptoms noted above during flare-ups and/or with repeated use. 

The examiner should also indicate whether the Veteran suffers from intervertebral disc syndrome, and if so, whether this condition has resulted in incapacitating episodes. 

Regarding the neurological complications stemming from his low back disability, the examiner should identify the affected nerve group and state whether the in mild, moderate, moderately severe, or severe incomplete paralysis. 

The examiner should also provide an opinion concerning the impact of the Veteran's service-connected lumbar spine disability on his ability to work. 

5. The Veteran should be afforded a VA scar examination in order to obtain a complete description of his service-connected surgical scars status post L5-S1 discectomy. The claims folder must be made available to the examiner for review in connection with the examination. In the examination report, the examiner must specifically describe the size, location, and appearance of the service-connected surgical scars status post L5-S1 discectomy, to include commenting on any symptomatology or functional impairment associated with the scarring. 

6. After completion of the above and any additional development deemed necessary, the issues on appeal should be reviewed with consideration of all applicable laws and regulations. If any benefit sought remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and be afforded the opportunity to respond. Thereafter, the case should be returned to the Board for appellate review, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).